UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK JEROME LEWIS,<br><br>        Plaintiff,<br><br>   v.<br><br>JENNIFER DUFFY, et al,<br><br>        Defendants. | No. 2:17-cv-934-TLN-EFB PS<br><br><br>ORDER |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint must be dismissed for failure to state a claim.

/////

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

1  matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*

2  *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

3  of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of

4  subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*

5  *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

6  　　　Plaintiff brings this action against various individuals, corporation, and local governments

7  and their entities, alleging claims for violation of his rights under the Fifth, Sixth, and Fourteenth

8  Amendments to the United States Constitution and for copyright infringement.  *Id*. at 5.  Plaintiff

9  alleges that he "was a victim of identity theft and was being filmed under the name Derrick

10  Lewis."  ECF No. 1 at 6.  He further alleges that defendants Sacramento District Attorney's

11  Office, the Sacramento Sherriff's Department, the "Sacramento Justice Department," Jennifer

12  Duffy, Monica Williams, Rachel McCain, Ramon Lenoir "were all party [sic] to the violation of"

13  his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments.  *Id*.  He also alleges

14  that defendant "Golden State Finance Authority is the holder of a trust for the employees of the

15  state of California."  *Id*. at 6.

16  　　　Plaintiff's complaint must be dismissed for failure to state a claim.  Plaintiff purports to

17  assert a claim for violation of his rights under the Fifth Amendment, but he fails to allege that any

18  of the defendants are federal actors.  *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001)

19  (To state a claim for violation of plaintiff's due process rights under the Fifth Amendment, a

20  plaintiff must allege that the defendants are federal actors).

21  　　　Plaintiff also fails to allege facts sufficient to state a claim for violation of his

22  constitutional rights under 42 U.S.C. § 1983.  To state a claim under § 1983, a plaintiff must

23  allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was

24  committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48

25  (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not

26  liable on a civil rights claim unless the facts establish the defendant's personal involvement in the

27  constitutional deprivation or a causal connection between the defendant's wrongful conduct and

28  the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989);

3

1   *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  Plaintiff does not allege that any of the

2   individual defendants acted under color of state law.

3          As for the named governmental entities, a municipal entity or its departments (such as a

4   county, a county jail, or a county employee acting in an official capacity) is liable under section

5   1983 *only* if plaintiff shows that his constitutional injury was caused by employees acting

6   pursuant to the municipality's policy or custom.  *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*,

7   429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691

8   (1978); *Villegas v. Gilroy Garlic Festival Ass'n,* 541 F.3d 950, 964 (9th Cir. 2008).  Plaintiff fails

9   to allege that his constitutional rights were violated pursuant to any policy or custom.  Further,

10  such local government entities may not be held vicariously liable under section 1983 for the

11  unconstitutional acts of its employees under a theory of respondeat superior.  *See Board of Cty.*

12  *Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997).  That is, a plaintiff may not sue any defendant on

13  the theory that the defendant is automatically liable for the alleged misconduct of subordinate

14  officers.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

15         Plaintiff also cannot maintain a section 1983 claim against the corporate defendants.

16  Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or

17  wrong." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999).

18         Lastly, plaintiff fails to allege any facts in support of his conclusion that this case involves

19  copyright infringement.  Accordingly, plaintiff's complaint must be dismissed for failure to state

20  a claim.  However, plaintiff is granted leave to file an amended complaint.  *Lopez v. Smith*, 203

21  F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an

22  opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to

23  file an amended complaint, the amended complaint shall clearly identify the claims asserted as to

24  each defendant and set forth the factual allegations against that defendant(s) which give rise to a

25  cause.  It shall specify a basis for this court's subject matter jurisdiction.  Any amended complaint

26  shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a

27  single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in

28  double-spaced text on paper that bears line numbers in the left margin, as required by Eastern

4

District of California Local Rules 130(b) and 130(c).  Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed.  *See* E.D. Cal. L.R. 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED:  January 9, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE